**Linda CHILDS–PIERCE, Appellant**

v.

**UTILITY WORKERS UNION OF AMERICA, Appellee.**

No. 05–7121.

United States Court of Appeals, District of Columbia Circuit.

June 27, 2006.

Linda Childs–Pierce, Oxon Hill, MD, pro se.

Jeffrey Ralph Freund, Abigail V. Carter, Bredhoff & Kaiser, Washington, DC, for Appellee.

BEFORE: ROGERS, GARLAND, and BROWN, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

**ORDERED AND ADJUDGED** that the district court's order filed August 10, 2005, be affirmed. On appeal, appellant argues she suffered discrimination and retaliation and was subject to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. Appellant failed to establish a prima facie case of discrimination regarding her claims that appellee's request for her birth certificate, and appellee's decision to suspend her for using company resources, were discriminatory and retaliatory. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The request for her birth certificate was not an adverse action. *See Holcomb v. Powell,* 433 F.3d 889, 902 (D.C.Cir.2006). Moreover, appellant was not similarly situated to other employees who used company resources. *See Holbrook v. Reno,* 196 F.3d 255, 261 (D.C.Cir. 1999). As to the actions culminating in appellant's termination, including appel-

lee's request for appellant's medical records and an independent medical examination, appellant has not demonstrated that the proffered reasons for appellee's actions were pretextual, or that a reasonable trier of fact could otherwise infer intentional discrimination based on the evidence. *See McDonnell Douglas*, 411 U.S. at 802–05, 93 S.Ct. 1817; *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1151 (D.C.Cir.2004). In addition, the district court correctly granted summary affirmance to appellee regarding appellant's hostile work environment claims because appellant failed to show she was subjected to discriminatory intimidation, ridicule, and insult that was so severe or pervasive it altered her conditions of employment and created an abusive working environment. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998); *Hussain v. Nicholson*, 435 F.3d 359, 366 (D.C.Cir.2006). Furthermore, appellant waived her arguments based on appellee's alleged failure to train or transfer her or convert her sick leave into vacation leave. *See Amax Land Co. v. Quarterman*, 181 F.3d 1356, 1369 (D.C.Cir.1999) (argument not presented to the district court may not be raised on appeal).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.